Justin C. Frankel (JF-5983)
Jason A. Newfield (JN-5529)
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue - Suite 301
Garden City, New York 11530
(516) 222-1600

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------

| | | |
|---|---|---|
| DEBORAH HOBSON, | : | |
| | : | 05CV7321 (AKH) |
| Plaintiff, | : | |
| | : | |
| - against - | : | ECF |
| | : | |
| METROPOLITAN LIFE INSURANCE | : | |
| COMPANY, | : | |
| | : | <u>COMPLAINT</u> |
| Defendant. | : | |

-----------------------------------------------------------

Plaintiff, DEBORAH HOBSON, by and through her attorneys, FRANKEL & NEWFIELD,

P.C., as and for her Complaint against Defendant METROPOLITAN LIFE INSURANCE

COMPANY ("MetLife"), hereby sets forth the following:

<u>THE PARTIES</u>

1.     At all times hereinafter mentioned, Plaintiff DEBORAH HOBSON, was and

still is a resident of the State of TEXAS.

2.     Upon information and belief, at all times hereinafter mentioned, Defendant

Met Life is a publicly owned life insurance company and a corporation organized and existing under

the laws of the State of New York with its principal place of business at One Madison Avenue, New

York, New York.  Defendant Met Life is therefore a citizen of the State of New York, pursuant to

28 U.S.C. § 1332(c)(1).

## JURISDICTION AND VENUE

3.      Jurisdiction is founded on 28 U.S.C. §1331 because this action arises under 29 U.S.C. §1001 et. seq.  (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

4.      Venue in the Southern District of New York is appropriate because Defendant MetLife resides in this judicial district, is subject to personal jurisdiction in this judicial district and maintains contacts in this judicial district sufficient to subject it to personal jurisdiction.

5.      Pursuant to 28 U.S.C. §1391(a)(1) and §1391(c), this action is properly venued in the Southern District of New York.

## FACTS

6.      At all times hereinafter mentioned, Plaintiff was an employee of KPMG, LLP ("KPMG").

7.      During Ms. Hobson's employment with KPMG, LLP  Defendant MetLife issued to KPMG a long term group disability income policy (hereinafter the "Policy").

8.      At all times hereinafter mentioned, said disability policy of insurance was issued for the benefit of certain eligible KPMG, LLP employees in exchange for the payment of premiums by KPMG, LLP and/or the employees.

9.      At all times mentioned herein, Plaintiff was and is an employee eligible for disability benefits and an insured under the Policy issued by KPMG, LLP.

10.      Said policy issued by KPMG, LLP provided, among other things, that disability insurance payments will be made to Plaintiff in the event that she becomes disabled due to pregnancy, accidental injury or sickness.

2

11.     On or about February 12, 2001, during the period within which said Policy was in full force and effect, and while Plaintiff was an eligible employee, Plaintiff became disabled within the meaning and pursuant to the terms of said Policy.

12.     As of this date, Plaintiff continues to be disabled in that she is unable to perform any job for which she is reasonably qualified taking into account her education, training or experience.

13.     Plaintiff's disability is caused by, among other things, Dercum's Disease, epilepsy, migraine headaches, arthritis, fibromyalgia, asthma, sleep apnea, herniated discs, thyroid cancer, ulcerative colitis, and severe depression.

14.     Plaintiff filed a timely claim, cooperated with Defendant MetLife in all respects, provided proper proof of loss in support of her claim, and otherwise compiled with the policy terms and conditions regarding the filing and maintenance of a claim.

15.     Pursuant to the policy, MetLife was obligated to commence the periodic payment of monthly benefits to Plaintiff.

16.     Despite Plaintiff's total disability, Defendant has denied benefits to Plaintiff and continues to refuse to pay benefits pursuant to the policy, although payment thereof has been duly demanded.

17.     Said refusal on the part of Defendant MetLife is a willful and wrongful breach of the policy terms and conditions.

18.     Monthly benefits to Plaintiff are continuing to be due and payable by Defendant MetLife with the passage of each month.

19.     Defendant MetLife is a conflicted decision maker because it has a financial interest in the outcome of Plaintiff's claim.

3

20.     Defendant Met Life's structural conflict of interest pervaded its handling of Plaintiff's claim, resulting in a number of procedural irregularities in its claim handling, including but not limited to, the failure to perform a medical examination of Plaintiff, the failure to consider the impact of her co-morbid conditions on her ability to perform all of the regular duties of any occupation, the failure to consider the impact of her medications on her ability to perform all of the regular duties of any occupation, the failure to consider the significant physical, mental, emotional and stamina requirements or the duties of any occupation for which she is qualified taking into account  training, education or experience.

21.     Defendant Met Life's claim handling resulted in numerous violations of 29 CFR § 2560.503-1.

22.     Defendant Met Life's claim handling failed to provide Plaintiff with a full and fair review of her claim.

23.     Defendant Met Life's claim handling demonstrates a bias against Plaintiff's claim due to its impact on Defendant Met Life's financial situation and prevented Plaintiff from receiving a full and fair review of her claim.

24.     Plaintiff has exhausted all administrative appeals and remedies to the extent they exist pursuant to the conditions of the employee benefit plan.

25.     Plaintiff continues to be totally disabled, and monthly benefits are due and owing to her with the passage of each month.

WHEREFORE, Plaintiff DEBORAH HOBSON prays that she may have a declaratory judgment herein declaring the rights and other legal relations of the parties hereto regarding the matters set forth in this Complaint specifying the following:

a)      Plaintiff is disabled pursuant to the language and within the meaning of the subject policy of insurance issued by Defendant in that she is unable to perform any job for which she may be qualified taking into account her education, training, and experience.

b)      Defendant is obligated to pay continuing benefits to Plaintiff pursuant to the policy and shall pay all benefits in arrears due and owing since the denial of benefits, plus interest;

c)      Defendant's obligation to pay benefits to Plaintiff shall continue as long as she remains totally disabled, subject to the applicable benefit period in the policy;

d)      Plaintiff shall be afforded appropriate equitable relief to redress Defendant's violation of the terms of the Policy;

e)      Pursuant to ERISA §502 et. seq., Plaintiff shall be entitled to recoup her attorney's fees, as well as all other costs and disbursements of this action;

f)      Plaintiff may return to this Court, upon motion, to seek further declaratory relief in the event that it becomes necessary; and

g)      Such other and further relief as the Court may deem just and proper.

Dated: Garden City, New York
       August 17, 2005

                                        By:      /S/ Justin C. Frankel
                                        Justin C. Frankel (JF-5983)
                                        Jason A. Newfield (JN-5529)
                                        FRANKEL & NEWFIELD, P.C.
                                        585 Stewart Avenue - Suite 301
                                        Garden City, New York 11530
                                        (516) 222-1600
                                        Attorneys for Plaintiff

X:\Shared\Hobson\draft-complaint.wpd