FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue, Suite 301
Garden City, New York 11530
(516) 222-1600

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBORAH HOBSON,

                  Plaintiff,

- against -

MET LIFE INS. CO.,

                  Defendant.

**PLAINTIFF'S RULE 56.1(b) STATEMENT RESPONDING TO DEFENDANT'S 56.1(a) STATEMENT**

05 CV 7321(AKH)

Plaintiff, **Deborah Hobson,** by her attorneys Frankel & Newfield, P.C. responds to Defendant's, Local Rule 56.1(a) Statement setting forth the material facts as to which it contends there is no genuine issue to be tried as follows:

1. Deny. Admit only that a Plan to provide LTD benefits for eligible employees exists.

2. Admit.

3. Deny. The long term disability plan makes a distinction between its policy section and its Certificate Section. The Certificate section provides that if the terms and provisions of the Certificate are different from the policy, the policy will govern. Because the discretionary authority provision is in the Certificate section and not the Policy Section, there is no delegation of discretionary authority.

1

4. Deny. Admit only that the policy has a transition definition after 36 months, but state that the definition of disability has to consider prior earnings as a relevant factor.

5. Deny. Admit only that the plan limits certain benefits for certain conditions, and refer to the terms of the Plan.

6. Deny. Admit only that Plaintiff worked for KPMG and that Plaintiff was trained as a CPA. Further state that Defendant failed to consider the type of work Plaintiff performed, including all of her occupational requirements. More specifically, state that Defendant sought to view Plaintiff's occupation solely in terms of the physical requirements, as between sedentary, light, medium of heavy, and failed to properly consider issues such as concentration, ability to focus, fatigue, attention to detail, or other work requirements.

7. Deny. Admit only that Plaintiff's last day or work was February 12, 2001, and that she claimed disability due to a multitude of medical conditions, and during the course of her claim, she advised Defendant of many additional disabling conditions, and she advised Defendant of several treating physicians.[1] Further state that since 2001, Plaintiff suffered from:

    asthma
    severe tremors
    migraine headaches
    depression
    ulcerative colitis
    ileostomy skin problems
    seizures
    thyroid cancer
    fibromyalgia

---

[1] Defendant did not provide Plaintiff with documents Bates numbers 1088-1502 until this motion was filed. Thus, Plaintiff is seeing this material for the first time in connection with this motion. Plaintiff was obviously prejudiced by not having these material during the initial briefing, but accepts the representation made by counsel, Mr. Marcus, that it was an inadvertent oversight.

sleep apnea
severe fatigue
heaviness in arms and legs
herniated disks in lower back and neck
arthritis

ML0469. Further state that Defendant accepted liability of the claim based upon ulcerative colitis and fibromyalgia. (ML0202).

8. Admit.

9. Admit.

10. Deny. State that the lumbar MRI revealed abnormalities, including a central 8x5 mm disc herniation at L4-5 superimposed upon degenerated bulging annulus, which indents the thecal sac, but does not lateralize, and further state that the MRI revealed multiple level arthrosis, ranging from mild to moderate. (ML1431). Further state that the cervical MRI revealed abnormalities at multiple levels, including degenerated facets, spondylosis and arthrosis. (ML1432).

11. Admit.

12. Admit only to the extent Defendant made this statement. Plaintiff states that other providers did not clear Plaintiff's return to work. (ML1081-82).

13. Admit only that Defendant sought support for a claim termination from Dr. Jeffrey Lieberman. Deny that Dr. Lieberman was independent. Deny that Plaintiff did not have all of the signs and symptoms of fibromyalgia. (ML1081-82). Deny that her condition was not severe enough to be disabling. (ML1081-82).

14. Admit.

15. Admit.

3

16. Admit only that Defendant sought support for a claim termination from Dr. Joseph Nestat. Deny that Dr. Nesta was independent. Deny that her condition was not severe enough to be disabling. (ML1081-82).

17. Admit only that Defendant sent the report to certain physicians, but that the letters, dated February 20, 2002, sought a response by March 4, 2002. State that Defendant failed to send the report to several of Plaintiff's physicians.

18. Admit that Defendant made the statements but not the truth of the matters asserted.

19. Admit that Defendant's denial letter made the referenced statement, but not that the statements are supported or correct.

20. Admit that Met Life agreed to further consider materials.

21. Admit that Defendant reinstated the claim.

22. Deny that Plaintiff's colitis was under control. Deny that Dr. Hopkins was in any way independent. Deny the validity of a board certification in occupational medicine, which requires nothing more than payment of a fee and a board certification in another area of medicine.[2] Admit that Defendant terminated the claim once again.

23. Admit that surgery was conducted in an effort to address Plaintiff's colitis. Deny that the surgery was a "cure".

24. Admit that Defendant reinstated benefits once again.

25. Admit that Met Life sought to terminate Plaintiff's benefits once again. Deny the definition of disability asserted.

---

[2] The court may take judicial notice of this fact. See www.acoem.org/memberinfo/

4

26. Admit that Defendant's employee is noted to have reviewed materials, but deny that a full and fair review of the material was performed.

27. Admit that Defendant's employee made the attributed statements but not the truth of the matters asserted therein. Deny that a full and fair review of the material was performed.

28. Admit that Plaintiff advised Defendant of a yeast infection. Deny that any physician consultant involved in the claim was independent.

29. Deny that Dr. Nesta was independent. Deny that Dr. Nesta properly evaluated the medical records. Admit that Dr. Nesta's report says what is stated.

30. Admit only that Defendant sent the report to certain physicians. State that Defendant failed to send the report to several of Plaintiff's physicians.

31. Admit only that the response says as stated. Deny that Dr. Price's report impacted Plaintiff's benefit eligibility. Further state that Dr. Price, an infectious disease doctor, actually clarified his view, stating that he was not qualified to address his agreement or disagreement. (ML0449).

32. Admit that Dr. Doshi did not agree with Dr. Nesta's report. Deny that Dr. Doshi did not provide support for his position, or any additional medical information.

33. Admit that Defendant made a determination on the claim as alleged.

34. Admit.

35. Admit that Defendant took the stated course to reinstate benefits.

36. Admit that the referenced document states what it says. Dr. Sessoms, an Associate Professor of Medicine at Baylor College of Medicine, submitted a letter in support of Ms. Hobson's claim disagreeing with the opinion of Dr. Nesta, and indicating that "Ms. Hobson is unable to

function in any responsible position due to her fibromyalgia and associated depression." ML0454. Deny that as a result of Dr. Alford, Plaintiff was not impaired, as several of her other treating providers continued to support her claim. (ML0454).

37. Admit that the December 15, 2004 letter was sent, and that it states was it says. Deny the validity of the statements. Admit that the letter provided a "right" to appeal, but deny that the adverse benefit determination letter complied with ERISA and the governing regulations. 29CFR2560-503.1.

38. Admit that a transition definition would have occurred during August 2004, but deny that the stated definition applied. Further state that Defendant NEVER conducted any transition evaluation from any vocational standpoint.

39. Admit that Plaintiff sought materials, but deny that Defendant provided Plaintiff with copies of all relevant documents as that term is defined under 29CFR2560-503.1, et seq.

40. Admit that Plaintiff provided further support for her continued claim eligibility. Admit that Plaintiff submitted materials in support of her diagnosis of Dercum's disease.

41. Admit that Dr. Subt submitted a report which contains the content identified.

42. Deny that any physician consultant involved in the claim was independent. Further deny that Defendant provided all appropriate materials for a review by any physician.

43. Deny that Dr. Truxal was independent. Admit that Dr. Truxal's report states what it says. Deny that Dr. Truxal performed any analysis of the materials, but rather, state that Dr. Truxal sought to determine that Plaintiff was not disabled.

44. Deny that Dr. Delaney was independent. Admit that Dr. Delaney's report states what it says. Deny that Dr. Delaney performed any analysis of the materials, but rather, state that Dr.

6

Delaney sought to determine that Plaintiff was not disabled. Further deny that Plaintiff's occupation can be appropriately determined to be sedentary, or that such a view of one's occupation, which fails to consider the cognitive requirements of a job, is appropriate.

45. Admit that Defendant failed to consider Plaintiff's treating doctor's opinions, but rather, solely relied upon the reports of its paid consultants.

46. Admit that Plaintiff sought materials, but deny that Defendant provided Plaintiff with copies of all relevant documents as that term is defined under 29CFR2560-503.1, et seq.

47. Admit that Plaintiff provided additional support for her claim, and provided comments and arguments in support of the claim, as is her right under ERISA and the governing regulations, 29 CFR § 2560-503.1, et seq.

48. Admit that Defendant accepted Plaintiff's materials. Deny that any physician consultant involved in the claim was independent. Further deny that Defendant provided all appropriate materials for a review by any physician.

49. Deny that Dr. Polsky was independent. Admit that Dr. Polsky's report states what it says. Deny that Dr. Polsky performed any analysis of the materials, but rather, state that Dr. Polsky sought to determine that Plaintiff was not disabled. Deny that Dr. Polsky made legitimate efforts to speak to Plaintiff's treating doctor.

50. Deny that Dr. Markewich was independent. Admit that Dr. Markewich's report states what it says. Deny that Dr. Markewich performed any analysis of the materials, but rather, state that Dr. Markewich sought to determine that Plaintiff was not disabled. Admit that Dr. Markewich focused his review on only one aspect of Plaintiff's medical picture.

51. Deny that Dr. Markewich was independent. Admit that Dr. Markewich's report states what it says. State that Dr. Subrt believed that the opinions of disability were appropriately made by those with neurologic, psychiatric or rheumatologic expertise, rather than dermatologic. ML0155. Further state that Dr. Subrt challenged the statement attributed to him by Defendant that he did not understand why Ms. Hobson could not do her job. Rather, he suggested that such a conclusion was beyond his medical qualification to opine. ML0155.

52. Admit that Defendant undertook the claim conduct identified.

53. Admit, but further state that Dr. Subt stated that Plaintiff was diagnosed with Dercum's Disease - based upon her signs and symptoms.

54. Admit that Defendant claims to have undertaken the claim conduct alleged. Deny that Defendant actually considered the materials.

55. Admit that Dr. Wardell provided his opinion that Plaintiff was disabled.

56. Deny that the claim was to be adjudicated upon an objective evidence standard for any condition, but particularly for medical conditions where objective testing is not the medical standard, or does not exist. Further, state that Defendant failed to apprise Plaintiff of the need or requirements for any such objective testing.

57. Admit that Defendant claims to have undertaken the claim conduct alleged. Deny that Defendant actually considered the materials.

Dated: Garden City, New York
November 3, 2006

Jason Newfield (JN 5529)
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue, Suite 301
Garden City, New York 11530
(516) 222-1600
Attorneys for Plaintiff